### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**ELIZABETH ELFORD**                                                            **PLAINTIFF**

v.                                                              **CAUSE NO. 1:14CV421-LG-RHW**

**BELK, INC. and BELK STORES OF**
**MISSISSIPPI, LLC**                                                **DEFENDANTS**

### ORDER DENYING PLAINTIFF'S MOTION TO
### AMEND COMPLAINT AND MOTION FOR REMAND

**BEFORE THE COURT** are the Motion to Amend Complaint [6] and the Motion to Remand [7] filed by Elizabeth Elford. The defendants, Belk, Inc., and Belk Stores of Mississippi, LLC (sometimes collectively referred to as "Belk"), filed responses in opposition to the Motions, but Elford did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Elford's Motions should be denied.

### BACKGROUND

Elford filed this lawsuit against Belk, claiming that she was injured when she walked into the outer glass doors at a Belk store. Elford is a resident of Mississippi. Belk, Inc., is a Delaware corporation with its principal place of business in North Carolina. Belk Stores of Mississippi, LLC, has presented an affidavit indicating that Belk, Inc., is its sole member.

Elford's Complaint contains the following clause:

> WHEREFORE, the Plaintiff Elizabeth Elford demands judgment from and against Belk's for actual, compensatory damages in the sum of $60,000 and punitive damages in the sum of $15,000 and attorney's fees and court costs and any and all other damages deemed necessary and proper or allowed under law.

(Compl. at 5, ECF No. 1-1). Belk removed the case to this Court on the basis of diversity jurisdiction. Elford then filed a Motion to Amend Complaint accompanied by a proposed amended complaint containing the following clause:

> WHEREFORE, the Plaintiff Elizabeth Elford demands judgment from and against the Belk Defendants for actual, compensatory damages in the sum [sic] and court costs and any and all other damages deemed necessary and proper or allowed under law not to exceed $74,000.

(Proposed Am. Compl. at 5, ECF No. 6-1). Elford also filed a Motion to Remand, claiming that, pursuant to her proposed amended complaint, the amount in controversy requirement is not satisfied for diversity jurisdiction.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states. The parties do not dispute that diversity of citizenship exists in this lawsuit. The only issue presented for this Court's determination is whether Elford should be permitted to amend her complaint to lower the amount in controversy.

The Fifth Circuit has provided the following guidance for determining whether a plaintiff can amend her complaint to reduce the amount in controversy:

> [O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. The jurisdictional facts that support removal must be judged at the time of removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Additionally, if it is facially apparent from the petition that

> the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (internal citations omitted). Elford claims that her original Complaint may have been vague and that she is attempting to clarify the amount in controversy in her amended complaint.

Elford requested compensatory damages in the amount of $60,000, punitive damages in the amount of $15,000, and attorneys' fees and other unspecified damages. "When a claim includes a prayer for compensatory and punitive damages, both must be considered in determining the amount in controversy." *AJM Express, Inc. v. H&S Transp., Inc.*, No. 94-60738, 53 F.3d 1282, *2 (5th Cir. Apr. 26, 1995). Furthermore, attorneys' fees may be included in the amount in controversy where they are provided for by contract or state statute. *See Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citing 14A C. Wright & A. Miller, *Federal Practice & Procedure* § 3712, at 176 (2d ed. 1985)); *Miss. Veterans Home Purchase Bd. v. State Farm & Cas. Co.*, 492 F. Supp. 2d 579, 586 (S.D. Miss. 2007). Under Mississippi law, attorneys' fees can be awarded if punitive damages are awarded. *Coastal Hardware & Rental Co. v. Certain Underwriters at Lloyds, London*, 120 So. 3d 1017, 1029 (Miss. 2013). As a result, it was facially apparent from her original Complaint that Elford sought damages exceeding $75,000, and any amendment of her Complaint would not deprive this Court of jurisdiction. Elford's Motion to Remand must, therefore, be denied. Since it appears that

Elford's Motion to Amend the Complaint was solely filed for the purpose of seeking to divest this Court of jurisdiction, the Court will deny the Motion to Amend at this time. Elford may file a subsequent motion to amend if she wishes to do so, but any amendment would not warrant remand.

## CONCLUSION

For the foregoing reasons, the Court finds that Elford's Motion to Amend Complaint and Motion for Remand should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand [7] filed by Elizabeth Elford is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Amend Complaint [6] is **DENIED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the parties shall promptly notify Magistrate Judge Walker of this order and submit to him a proposed order lifting the stay entered in this matter on December 9, 2014. See L. U. Civ. R. 16(b)(1)(B).

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE